*E-Filed 9/26/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHARLES GARRETT HARDING,

    Plaintiff,

v.

SONOMA COUNTY COURTS,

    Defendant.

No. C 11-2801 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

### INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

### DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

The complaint will be dismissed with leave to amend. Plaintiff must correct several deficiencies in his amended complaint. First, plaintiff's allegations are conclusory and he does not name any specific persons as responsible for the acts. Plaintiff must allege specific facts describing the events that gave rise to the alleged constitutional violations, and name the persons who were responsible for such actions. Allegations stating that "[d]ue process violations" and "[j]ustice terrorist threats" occurred do not contain sufficient factual matter to state a claim for relief that is plausible on its face.

Second, it appears that plaintiff did not exhaust his administrative remedies prior to filing suit. Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison,

or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). To exhaust properly administrative remedies in California state prisons, inmates must proceed through a four-step process, which consists of (1) an informal attempt at resolution; (2) a first-level formal appeal; (3) a second-level appeal to the institution head; and (4) an appeal to the Director of the California Department of Corrections and Rehabilitation. *See* 15 Cal. Code Regs. § 3084.5. Plaintiff states only that "letters [were] written." In his amended complaint, plaintiff must show that he used the jail's or prison's administrative grievance system, and whether he exhausted all stages of that system.

Third, plaintiff names the Sonoma County Courts as defendant. His claims, however, appear to arise from the treatment he received at the hands of his jailors, not the courts. Plaintiff should consider who is the proper defendant in this case and amend the complaint accordingly.

Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint addressing the concerns detailed above within 30 days from the date this order is filed. The first amended complaint must include the caption and civil case number used in this order (11-2801 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice

No. C 11-2801 RS (PR)
ORDER DISMISSING COMPLAINT

of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action for failure to prosecute.

**IT IS SO ORDERED**.

DATED: September 26, 2011

_____
RICHARD SEEBORG
United States District Judge

No. C 11-2801 RS (PR)
ORDER DISMISSING COMPLAINT